RECEIVED
IN ALEXANDRIA, LA
SEP 15 2009
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JAMES E. BROWN (#112958) | CIVIL ACTION NO. 09-cv-1549; SEC.P |
| VERSUS | JUDGE JAMES T. TRIMBLE, JR. |
| CANTEEN, INC., ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION

Before the Court is complaint filed in the 8th Judicial District Court, Winn Parish, on August 18, 2005 and removed to this Court by the defendants on September 3, 2009, within thirty days of Defendants being served. Plaintiff is an inmate in the custody of the Louisiana Department of Corrections and is incarcerated at Winn Correctional Center (WCC) in Winnfield, Louisiana. Plaintiff complains that the defendants are liable for negligence in violation of Louisiana law and cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution based on Plaintiff allegedly discovering a tiny rock in his refried beans. Plaintiff names as defendants Oscar Gomez, Torie Payne, and Compass Group (improperly named by Plaintiff as Canteen, Inc. - Doc. #1).

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### FACTUAL BACKGROUND

Plaintiff alleges that between 5:30 and 5:45 on the evening of

July 24, 2005, he was eating supper in the WCC dining hall, specifically, Meal #93 - Tamale pie, tamale mix, Spanish rice, refried beans, cornbread, and pineapple. Plaintiff alleges that he found a "small rock half the size of the tip of [his] little finger" in the refried beans. Plaintiff alleges that, *if* he had bitten the rock hard enough, it *"could have"* broken a tooth or even his jaw bone; he also alleges that *if* he had swallowed the rock, it *"could have possibly"* caused internal damage to his organs. Plaintiff states that, upon finding the rock in his refried beans, he immediately notified Lt. Mary Hayes and Captain Richards, the shift supervisor.

Plaintiff alleges that Defendant Gomez is the food supervisor employed by Canteen, Inc./Compass Group who was in charge of the kitchen on the day of the incident. He alleges that Defendant Payne is the assistant food supervisor also employed by Canteen, Inc./Compass Group. Plaintiff alleges that the defendants are liable for unsanitary practices, negligence, cruel and unusual punishment in violation of the Eighth Amendment, and for violating the rules of the Board of Health.[1]

---

[1] It is unclear whether or not the Defendants are state actors; however, courts have held that if a state contracts with a private corporation to run its prisons, it would no doubt subject the private prison employees to section 1983 suits under the "public function" doctrine. See Lemoine v. New Horizons Ranch and Center, Inc., 990 F.Supp. 498 (N.D.Tex. 1998), citing Skelton v. Pri-Cor, Inc., 963 F.2d 100, 102 (6th Cir.), *cert. denied*, 503 U.S. 989 (1992); Blumel v. Mylander, 919 F.Supp. 423, 427 (M.D.Fla.1996)(*citations omitted*).

## LAW AND ANALYSIS

### I. Eighth Amendment Constitutional Claim

The Eighth Amendment provides protection with respect to the treatment a prisoner receives in prison and the conditions under which he is confined. Helling v. McKinney, 509 U.S. 25, 31 (1993). However, the constitutional prohibition against the infliction of cruel and unusual punishment "does not mandate comfortable prisons, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Wilson v. Seiter, 501 U.S. 294, 298 (1991).

Eighth Amendment protection from cruel and unusual living conditions has both objective and subjective components. First, deprivations must be objectively serious in the sense that they violate contemporary notions of decency. Rhodes v. Chapman, 452 U.S. 337 (1981). Second, the plaintiff must show that subjectively the prison officials acted with a sufficiently culpable state of mind, i.e., deliberate indifference to an inmates health or safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

Prisons and detention facilities are required to provide "nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it." See French v. Owens, 777 F.2d 1250, 1255 (7th Cir. 1985), *cert. denied*, 479 U.S.

817 (1986); Green v. Ferrell, 801 F.2d 765 (5th Cir. 1986); Smith v. Sullivan, 553 F.2d 373, 380 (5th Cir. 1977). Further, several courts have noted that occasional incidents of a foreign object contained in food, while regrettable, does not present a question of constitutional proportion. See Lunsford v. Reynolds, 376 F.Supp. 526, 528 (W.D.Va. 1974); see also Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985), *cert. denied*, 475 U.S. 1096 (1986); Sinclair v. Henderson, 331 F.Supp. 1123 (E.D.La. 1971). Plaintiff identified an isolated incident of finding a tiny piece of rock in his beans. Plaintiff has not alleged an objectively serious claim of constitutional proportion. Moreover, he has failed to allege that subjectively, any defendant acted with deliberate indifference or a culpable state of mind.

While Plaintiff does allege that the defendants acted with negligence, negligence does not support a Section 1983 claim. Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993); Hare v. City of Corinth, 74 F.3d 633, 641-42, 646 (5th Cir. 1996); Jackson v. Procunier, 789 F.2d 307, 310 (5th Cir. 1986)(citing Davidson v. Cannon, 474 U.S. 344 (1986); Daniels v. Williams, 474 U.S. 327 (1986)).

Finally, Plaintiff fails to allege any physical injury resulting from the alleged incident. Under the Prison Litigation Reform Act of 1996, 42 U.S.C. § 1997e, inmates are barred from recovering monetary damages for mental or emotional injuries

4

"unless there is a prior showing of physical injury." Crawford-el v. Britton, 523 U.S. 574, 596 (1998). The "physical injury" required by § 1997e(e) must be more than *de minimis* but need not be significant. Harper v. Showers, 174 F.3d 716, 719 (5th Cir. 1999) (citing Siglar v. Hightower, 112 F.3d 191 (5th Cir. 1997). A physical injury is an observable or diagnosable medical condition requiring treatment by a medical care professional. Here, Plaintiff has alleged that he *could have* injured a tooth or his organs *if* he had bitten into the rock. However, he does not allege that he suffered an *actual* physical injury as a result of finding a rock in his beans.

Plaintiff's claim that the defendants violated his Eighth Amendment right to be free from cruel and unusual punishment is frivolous and should be dismissed with prejudice.

## 2. Pendant State Law Negligence Claim

Plaintiff also sues for negligence under Louisiana law. A federal court has broad discretion in deciding whether to exercise supplemental jurisdiction over state law claims after all federal claims have been dismissed. 28 U.S.C. § 1367(c)(3); Noble v. White, 996 F.2d 797, 799 (5th Cir. 1993). Among the factors to be considered in exercising this discretion are judicial economy, convenience, fairness, federalism, and comity. See Rosado v. Wyman, 397 U.S. 397, 403-04 (1970). When all federal claims are dismissed prior to trial, these factors weigh heavily in favor of

5

declining to exercise jurisdiction. See Parker & Parsley Petroleum Co. v. Dresser Industries, 972 F.2d 580, 585 (5th Cir.1992) ("Our general rule is to dismiss state claims when the federal claims to which they are pendant are dismissed."). The district court also has discretion to remand the case to state court when relinquishing jurisdiction over pendant claims. Carnegie-Mellon University v. Cohill, 484 U.S. 343 (1988). A remand is generally preferable to a dismissal when the statute of limitations on the plaintiff's state law has expired. Id. at 351-352. Otherwise, the dismissal would foreclose the plaintiff from litigating these claims.

In this case, while Plaintiff cited the Eighth Amendment to the United States Constitution, his claim truly sounds in negligence. Plaintiff provided no factual allegations indicating a constitutional violation or the implication of Plaintiff's constitutional rights. Because the incident complained of occurred in 2005 and Plaintiff's suit was filed in state court in 2005, to dismiss without prejudice would render Plaintiff unable to re-file in state court due to Louisiana's statute of limitations. Therefore, Plaintiff's state court negligence claim should be remanded to the 8th Judicial District Court for the Parish of Winn, State of Louisiana, rather than dismissed without prejudice.[2]

---

[2] Only pendant jurisdiction would support jurisdiction in this court, for the parties are not diverse it is not facially apparent from the petition that plaintiff's injuries exceed $75,000 and defendant has made no showing that they do. See Simon v. Wal-Mart Stores, Inc. 193 F.3d 848 (5th C. 1999).

**CONCLUSION**

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's Eighth Amendment claim be **DENIED and DISMISSED** with prejudice as frivolous under 28 U.S.C. §1915(e)(2). **IT IS RECOMMENDED** that Plaintiff's negligence claim be **REMANDED** to the state court from which it was removed.

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Federal Rule of Civil Procedure 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.**

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Federal Rule of Civil Procedure 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d**

1415 (5th Cir. 1996).

THUS DONE AND SIGNED at Alexandria, Louisiana, this 15th day of September, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE